UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Gerold Centeno, | Case No.: 2:23-cv-02131-JAD-DJA |
| Plaintiff | |
| v. | **Order Screening and Dismissing First Amended Complaint with Leave to Amend by September 27, 2024, and Denying Motion for Preliminary Injunction** |
| Steven Grierson, et al., | |
| Defendants. | [ECF Nos. 3, 8] |

Plaintiff Gerold Centeno brings this civil-rights action under 42 U.S.C. § 1983, claiming that his rights were violated on different occasions by various defendants. Centeno has filed a first amended complaint ("FAC"), which I accept as the operative complaint in this case.[1] Because Centeno applies to proceed *in forma pauperis*,[2] I screen the FAC under 28 U.S.C. § 1915A. The FAC fails to comply with the Federal Rules of Civil Procedure because it brings improperly joined claims in a single action. So I dismiss the FAC without prejudice and give Centeno until September 27, 2024, to file a second amended complaint.

**Background**

**A.    Plaintiff's factual allegations**[3]

In Count I, Centeno alleges that Steven Grierson, the Clark County Clerk of Courts, violated his rights by assigning him three case numbers.[4] Only two of the numbers were valid,

---

[1] ECF No. 8.
[2] ECF No. 18.
[3] This is just a brief summary of the plaintiff's allegations and not intended as findings of fact.
[4] ECF No. 8 at 3.

and the third case number related to charges from 2018 that were dismissed following a negotiation. The 2018 case had a 2018 number, but Grierson generated an invalid case number in 2023, and it had a 2023 case number. Defendant Bonaventure is a retired judge who has not had any contact with the Eighth Judicial District Court for several years. But he held a hearing in December 2023 in Judge Erica Ballou's court room.[5]

In Count II, Centeno alleges that Defendants NDOC Accounting Manager and HDSP Mailroom Manager have retaliated against him because of his ongoing litigation.[6] $3,000 was wired to Centeno's inmate account, but NDOC accounting has not issued it to Centeno. Centeno has also not received pictures that he was mailed by certified mail.

In Count III, Centeno alleges that Defendant Emily Torres falsified her presentence investigation report.[7] Torres submitted a psychosexual evaluation that never took place and included false quotes from Centeno. The report quoted Centeno as saying that if he were released from custody, he would commit the crime again. But Centeno never said that.

**B.    Plaintiff's causes of action**

Based on these events, Centeno sues defendants Steven Grierson, Emily Torres, Joseph Bonaventure Sr., HDSP Mailroom Manager, and NDOC Accounting Manager. He asserts claims for due process, First Amendment retaliation, and equal protection[8] and seeks damages.[9]

---

[5] I note that it is not clear from the FAC how the allegedly invalid case number or Judge Bonaventure's hearing impacted Centeno or his rights.
[6] *Id.* at 4
[7] *Id.* at 5.
[8] *Id.* at 3–5.
[9] *Id.* at 7.

**Discussion**

**A.    Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[10] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[11] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[12]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[13] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[14] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[15] but a plaintiff must provide more

---

[10] *See* 28 U.S.C. § 1915A(a).

[11] *See* 28 U.S.C. § 1915A(b)(1)(2).

[12] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[13] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[14] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[15] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

than mere labels and conclusions.[16] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[17] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[18]

**B.    Analysis of claims**

  *1.    Centeno cannot combine unrelated claims in a single complaint.*

A basic lawsuit is a single claim against a single defendant. From there, a plaintiff can add claims or parties—but only as expressly permitted by the Rules of Civil Procedure. Rule 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Rule 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, **unrelated claims that involve different defendants must be brought in separate lawsuits**.[19] These rules are not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that inmates pay the required filing fees for their lawsuits and prevent inmates from circumventing the three strikes rule under the Prison Litigation Reform Act.[20]

---

[16] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[18] *Id.*

[19] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner").

[20] 28 U.S.C. § 1915(g).

Centeno combines multiple unrelated claims in his complaint in this case. Each of Centeno's claims arises out of a separate incident, and each of his claims are against different defendants. As a result, the claims are not properly joined under either Rule 18 or Rule 20, so I dismiss this action with leave to amend to give him an opportunity to decide what claims he can and wants to bring in this suit.

I advise Centeno that each claim that is raised in his amended complaint must be permitted by either Rule 18 or Rule 20. Centeno may state a single claim against a single defendant. Centeno may then add any additional claims to his action that are against the same defendant under Rule 18. Centeno may also add any additional claims against other defendants **if those claims arise from the same transaction, occurrence, or series of transactions as his original claim**.[21] Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

I further advise Centeno that claims may not be joined merely because they occurred in the same prison or because the violators had the same supervisor. Centeno may not evade these requirements merely by alleging that he told the same person about them or by making conclusory allegations that all the defendants are engaging in a conspiracy or campaign of harassment. Centeno also may not get around these requirements by including multiple causes of action in a part of the complaint form reserved for one claim.

If Centeno files an amended complaint, I will consider the first claim brought in the amended complaint. I will then dismiss any improperly joined claims without prejudice.

### 2. *Centeno cannot pursue a case against only John Doe defendants.*

It is not clear at this time which of Centeno's claims he may choose to pursue in any

---

[21] Fed. R. Civ. P. 20(a)(2).

second amended complaint. However, I note that Count II includes only unnamed John Doe defendants. For Centeno's benefit in preparing any second amended complaint I also note that a lawsuit cannot proceed without at least one named defendant on whom to serve the complaint. Although the use of "Doe" to identify a defendant is not favored, flexibility is allowed in some cases where the identity of the parties is not known prior to filing a complaint but can subsequently be determined through discovery.[22] Such a course of action might be appropriate when a matter may proceed to discovery. However, the court cannot order service of a complaint on an unknown person.

Thus, if Centeno chooses to pursue his First Amendment retaliation claim in a second amended complaint, he must state a colorable claim against at least one named defendant. If Centeno does not know the name of any individual defendants, he should first use all available prison procedures to learn them. If Centeno is not able to learn any defendant's name through prison procedures, he may file a properly supported and complete motion under Federal Rule of Civil Procedure 45 for the court to issue a Rule 45 subpoena duces tecum.[23]

**C.     Leave to amend**

Centeno is granted leave to file a second amended complaint that complies with the Federal Rules of Civil Procedure. If Centeno chooses to file a second amended complaint, he is advised that a second amended complaint replaces all prior versions of the complaint, so the

---

[22] *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

[23] If Centeno takes this route, he must attach a copy of his proposed Rule 45 subpoena(s) to his motion, and that motion must clearly identify the documents that would have the information Centeno is seeking and explain why the documents and information would be available from the company, entity, or person that is the target of the subpoena. Centeno is directed to carefully review Rule 45 of the Federal Rules of Civil Procedure before filing such a motion.

second amended complaint must be complete in itself.[24]  Centeno must file the second amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "Second Amended Complaint."  Centeno must follow the instructions on the form.  He need not and should not allege very many facts in the "nature of the case" section of the form.  Rather, in each count, he should allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights.  **He must file the amended complaint by September 27, 2024.**  If Centeno chooses not to file a second amended complaint, this action will be subject to dismissal without prejudice.

D.     **Motion for Preliminary Injunction**

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right."[25]  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[26]  Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm."[27]  "A court's equitable power lies only over the merits of the case or controversy before it.  When a plaintiff

---

[24] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

[25] *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008).

[26] *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

[27] 18 U.S.C. § 3626(a)(2).

seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."[28]

Because I have dismissed the FAC in its entirety without prejudice and with leave to amend for bringing improperly joined claims, it is not clear at this time what claims Centeno may pursue in any second amended complaint or whether those claims will be related to the motion for a preliminary injunction. So I deny his motion for a preliminary injunction without prejudice.

## Conclusion

IT IS THEREFORE ORDERED that the first amended complaint [ECF No. 8] is DISMISSED in its entirety, without prejudice and with leave to amend by September 27, 2024.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** Centeno the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his first amended complaint [ECF No. 8]. If Centeno chooses to file a second amended complaint, he must use the approved form and he must write the words "Second Amended" above the words "Civil Rights Complaint" in the caption. The second amended complaint will be screened in a separate screening order, and **the screening process will take many months. If Centeno does not file an amended complaint by September 27, 2024, this case will be dismissed without prejudice and closed without further prior notice.**

---

[28] *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

IT IS FURTHER ORDERED that Centeno's motion for a preliminary injunction **[ECF No. 3]** is **DENIED** without prejudice.

Dated: June 28, 2024

_____
U.S. District Judge Jennifer A. Dorsey