UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Gerold Centeno,<br><br>　　　　　　Plaintiff<br>　　v.<br><br>Steven Grierson, et. al.,<br><br>　　　　　　Defendants | Case No. 2:23-cv-02131-JAD-DJA<br><br>**Order Dismissing<br>and Closing Case** |

　　　Plaintiff Gerold Centeno brings this civil-rights lawsuit to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison. On June 28, 2024, this court dismissed plaintiff's claims with leave to amend by September 27, 2024.[1] Plaintiff appealed that order, and his appeal was dismissed.[2] This court then gave plaintiff an extension until December 16, 2024, to file an amended complaint,[3] warning him that this case would be dismissed if he failed to file an amended complaint by that deadline.[4] That order came back as undeliverable to plaintiff's address.[5] When plaintiff initiated this case, this court sent him an advisory letter that contained information about the legal process, including a statement that plaintiff "should immediately file with the Court written notification of any change of

---

[1] ECF No. 20.
[2] ECF Nos. 21, 24.
[3] ECF No. 27.
[4] *Id.* at 2.
[5] ECF No. 28.

address you have."⁶  Plaintiff has not filed an amended complaint, moved for an extension of time to do so, or filed an updated address.

The law permits a district court to dismiss an action based on a party's failure to comply with a court order.⁷  In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.⁸

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.⁹  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.¹⁰  Courts

---

⁶ ECF No. 2.

⁷ *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint).

⁸ *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

⁹ *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

¹⁰ *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

1  "need not exhaust every sanction short of dismissal before finally dismissing a case, but must
2  explore possible and meaningful alternatives."[11]  Because this action cannot proceed until and
3  unless plaintiff files an amended complaint, the only alternative is to enter a second order setting
4  another deadline.  But without an updated address, the likelihood that the second order would
5  even reach the plaintiff is low, so issuing a second order will only delay the inevitable and
6  further squander the court's finite resources.  Setting another deadline is not a meaningful
7  alternative given these circumstances.  So the fifth factor favors dismissal.

8       Having thoroughly weighed these dismissal factors, I find that they weigh in favor of
9  dismissal.  IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** for failure to
10 file an amended complaint by the court-ordered deadline, leaving no claims pending.  The Clerk
11 of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.  **No other
12 documents may be filed in this now-closed case.**

13      IT IS FURTHER ORDERED that the application to proceed *in forma pauperis* **[ECF No.
14 18] is GRANTED**.  This status doesn't relieve plaintiff of his obligation to pay the full $350
15 filing fee under the statute; it just means that he can do it in installments.  And the full $350
16 filing fee remains due and owing even though this case is being dismissed.

17      To ensure that the plaintiff pays the full filing fee, IT IS FURTHER ORDERED that the
18 Nevada Department of Corrections must pay to the Clerk of the United States District Court,
19 District of Nevada, 20% of the preceding month's deposits to the account of **Gerold Centeno,
20 #1230933** (in months that the account exceeds $10.00) until the full $350 filing fee has been
21 paid for this action.  The Clerk is directed to SEND a copy of this order (1) to the Finance

---

[11] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

Division of the Clerk's Office and (2) to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

Dated: January 23, 2025

_____
U.S. District Judge Jennifer A. Dorsey